CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 09 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES PAUL DESPER, | ) | Case No. 7:14-cv-00668 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | By:  Michael F. Urbanski |
| JOHN WOODSON, | ) | United States District Judge |
|     Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner James Paul Desper, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Respondent filed a motion to dismiss (Doc. No. 9), and Petitioner answered (Doc. No. 19), making the matter ripe for disposition. After reviewing the record, the court grants the motion to dismiss.

### I.

After a bench trial, the Circuit Court for Augusta County sentenced Petitioner to a sixty-year sentence, with forty-five years suspended, for rape and forcible sodomy convictions pursuant to Virginia Code §§ 18.2-61 and 18.2-67.1. Petitioner appealed his convictions to the Court of Appeals of Virginia, which affirmed the three rape convictions but reversed the forcible sodomy conviction on the basis of insufficient evidence. Petitioner's subsequent appeal to the Supreme Court of Virginia was unsuccessful.

Petitioner filed a petition for a writ of habeas corpus in the Circuit Court for Augusta County that presented claims of ineffective assistance of counsel at trial and at sentencing, both claims asserting that counsel did not investigate and present evidence that Petitioner did not have the mental capacity to satisfy the mens rea that he knew or should have known that the

1

complainant did not have the mental capacity to consent to sex. The Circuit Court dismissed the petition, ruling that Petitioner's ineffective assistance of counsel claims did not satisfy the two-part test laid out in Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court of Virginia denied a petition for appeal, as well as a petition for rehearing.

In the instant, timely-filed petition, Petitioner argues that he was denied effective assistance of counsel because neither his trial nor his sentencing attorney properly investigated and presented evidence of his mental incapacity. Respondent concedes that the trial-attorney claim is exhausted but argues that it does not entitle Petitioner to relief. Respondent argues that the sentencing-attorney claim is not exhausted because Petitioner did not present it to the state supreme court on appeal and asserts that it is procedurally barred. The court agrees with both points and dismisses the petition.

## II.

A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v.

2

Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from the [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Tice v. Johnson, 647 F.3d 87, 108 (4th Cir. 2011) (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)). A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006). Finally, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010).

3

A.

Petitioner argues that his trial counsel was constitutionally ineffective because she failed to investigate Petitioner's mental incapacity, to discover the copious evidence that Petitioner suffered from an intellectual disability, and to present that evidence during trial. Petitioner was convicted of three counts of rape under the subsection of the Virginia rape statute that prohibits sexual intercourse "through the use of the complaining witness's mental incapacity." Va. Code Ann. § 18.2-61(ii). Virginia courts interpret that subsection of the rape statute as requiring proof that the defendant knew or should have known that the complainant was mentally incapacitated. Va. Code Ann. § 18.2-67.10 (3).[1] At trial, Petitioner's counsel attempted to introduce evidence that Petitioner had been in special education classes and was intellectually disabled in support of an argument that he could not have known that the complainant was mentally incapacitated as defined by the statute, but Petitioner argues that counsel did not go far enough in her investigation or presentation to have performed as constitutionally effective counsel.

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland. The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," meaning that counsel's representation fell below an objective standard of reasonableness.[2] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the

---

[1] "'Mental incapacity' means that condition of the complaining witness existing at the time of an offense under this article which prevents the complaining witness from understanding the nature or consequences of the sexual act involved in such offense and about which the accused knew or should have known."

[2] Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id.

4

proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

Petitioner presented several exhibits to the state habeas court in support of his argument that trial counsel did not do a thorough investigation regarding his intellectual disability. Those exhibits included social services and court records regarding the removal of Petitioner's infant child from his custody, social security disability records, hospital and jail records, a competency evaluation performed prior to trial, and several affidavits from Petitioner's family and a former special education teacher. (Doc. No. 1, attached exhibits.) Petitioner also included affidavits from Dr. Michael Hendricks, a board-certified psychologist, and Dr. Eileen Ryan, a board-certified psychiatrist, both of whom reviewed all of the exhibits and opined on Petitioner's intellectual disability and general mental state. Both experts agreed that Petitioner was intellectually disabled and had been diagnosed with multiple mood disorders, and Dr. Ryan opined that Petitioner's intellectual disability would have interfered with his ability to discern that the complainant did not have the mental capacity to understand the nature and consequences of sex.

The Circuit Court considered this claim and ruled that it did not meet the two-pronged test required by Strickland of deficient performance and prejudice resulting therefrom. Desper v. Woodson, No. CL 13001874-00 (Mar. 13, 2014) (Doc. No. 1-2). The court framed its analysis of trial counsel's performance with an interpretation of Virginia law regarding the "known or should have known" standard and whether evidence regarding a defendant's mental state is admissible to negate mens rea absent an insanity defense. Id. at 3-8. The court reasoned that "known or should have known standard" was an objective one, based on the conduct of a reasonable person, not on the subjective knowledge of a particular defendant. Id. at 8. With that

5

standard in mind, the court ruled that, without mounting an insanity defense, Petitioner would not have been allowed to admit evidence regarding his own mental state to negate mens rea. Id. at 5-7. Concluding that state law would have prohibited the admission of any evidence regarding Petitioner's mental state, the court ruled that Petitioner's trial counsel's failure to discover and introduce mental capacity evidence was not deficient and that Petitioner did not suffer prejudice as a result. Id. at 8.

The Circuit Court's ruling is not contrary to or an unreasonable application of Strickland. The court's conclusion that counsel's performance was not deficient was based on its interpretation of state-court law and evidentiary rules. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Furthermore, "[i]n federal habeas actions, we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding." Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000). The state's choice not to admit evidence of Petitioner's mental state, absent an insanity defense, to challenge the rape statute's objective knowledge standard is not so extreme as to be constitutionally suspect. The state court's determination, therefore, that trial counsel could not have been deficient for not presenting evidence that would not have been admissible under state law is not an unreasonable application of the performance prong of Strickland. See Hoots v. Allsbrook, 785 F.2d 1214, 1222 (4th Cir.1986) (holding that trial counsel's "decision not to attempt to introduce inadmissible evidence . . . did not constitute ineffective assistance of counsel"). For these reasons, this claim must be dismissed.

6

## B.

Petitioner's second ground for relief is that his sentencing counsel was constitutionally ineffective for failing to discover and present the same evidence regarding his intellectual capacity. Respondent argues that Petitioner did not exhaust this claim because he did not present it to the state supreme court in his petition for appeal from the denial of his state habeas petition. Brief in Support of Motion to Dismiss and Rule Five Answer, Desper v. Woodson, No. 7:14-cv-00668 (W.D. Va. Mar. 2, 2015) (Doc. No. 11). "[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)); 28 U.S.C. § 2254(b)(1).

Petitioner chose not to appeal this claim in his state habeas proceedings because, he reasoned, the Circuit Court's ruling that sentencing counsel's performance did not violate Strickland's prejudice prong was a finding of fact that was not appealable. Petition for Appeal, Desper v. Woodson, No. 140991, 4 n.3 (Va. June 24, 2014) (Doc. No. 15-1). "[F]ailure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims." Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986). The court finds that, by failing to present his second ground for relief to the Supreme Court of Virginia, Petitioner has both not exhausted and procedurally defaulted this claim.

A state prisoner can obtain federal habeas review of a procedurally defaulted claim, however, if he or she shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his or her defense, which impeded him or her from raising the claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show

prejudice, a petitioner must show that the alleged constitutional violation worked to his or her actual and substantial disadvantage, infecting the entire trial with an error of constitutional magnitude. Id. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if the petitioner can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Id. at 496. Actual innocence means "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted).

Petitioner has not alleged or shown cause and prejudice to excuse his default of this claim. Nor has he shown a miscarriage of justice. The state habeas court denied that sentencing counsel's failure to present the evidence regarding Petitioner's intellectual disability and mental incapacity violated Strickland's prejudice prong. Because the state habeas judge was also the trier of fact in Petitioner's case, his determination that the evidence would not have changed his own mind regarding the sentence he imposed is not an unreasonable determination of the facts or an unreasonable application of the prejudice prong. The state court did not agree that Petitioner's proposed evidence demonstrated his factual innocence, that he lacked the capacity to know that the complainant was mentally incapable of understanding the nature and consequences of sex. Petitioner has not provided clear and convincing evidence to prove that this ruling was unreasonable or even incorrect. Petitioner has thus shown no miscarriage of justice. This court finds no evidence of any error that so prejudiced Petitioner's sentencing hearing as to render it constitutionally unfair. Accordingly, this claim must be dismissed.

## III.

For the forgoing reasons, the court grants Respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

Entered: October 9, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge